**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4932**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDERICK JULIEN AUGUSTINE, a/k/a Cowboy,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:17-cr-01102-RBH-1)

Submitted:  August 12, 2019                     Decided:  November 19, 2019

Before WILKINSON, WYNN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marcia G. Shein, Elizabeth A. Brandenburg, LAW FIRM OF SHEIN & BRANDENBURG, Decatur, Georgia, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick Julien Augustine pled guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to distribution and possession with the intent to distribute 28 grams or more of cocaine base (crack cocaine), 500 grams or more of cocaine, and quantities of methamphetamine, heroin, and marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). In his plea agreement, Augustine preserved his right to appeal the district court's denial of his motions to suppress, and he timely appealed.

In reviewing the denial of a motion to suppress, "we review legal conclusions de novo and factual findings for clear error." *United States v. Seerden*, 916 F.3d 360, 365 (4th Cir. 2019). "In doing so, we consider the evidence in the light most favorable to the Government." *Id.* "A court reviewing for clear error may not 'reverse a lower court's finding of fact simply because [it] would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Augustine contends that the affiant omitted information about past instances of surveillance in the search warrant affidavit, which made the affidavit misleading, and the district court should have suppressed the evidence seized pursuant to the warrant. In *Franks v. Delaware*[*], the Supreme Court held that when a criminal defendant makes a

---

[*] *Franks v. Delaware*, 438 U.S. 154 (1978).

substantial preliminary showing that a warrant affidavit includes a false statement that was knowingly or intentionally made or made with a reckless disregard for the truth, and the allegedly false statement is necessary to the probable cause finding, the defendant is entitled to a hearing. *Franks*, 438 U.S. at 155-56. We have held that omissions from an affidavit result in a Fourth Amendment violation "only where affiants omitted material facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016). (brackets and internal quotation marks omitted).

Even if Augustine could demonstrate the intentionality prong of *Franks*, he has not established that the omitted information was material. At the suppression hearing, the affiant testified that he had not included every instance of past surveillance of Augustine because he believed that it was not necessary to a probable cause finding. Law enforcement had surveilled Augustine's apartment several times over a two year period, and the affiant characterized this surveillance as "fruitless." From October 24-25, 2017, however, law enforcement officers observed activity that they described as characteristic of narcotics dealing. The affiant stated that officers had observed several people on foot and in vehicles make short visits to Augustine's apartment. Police stopped one such vehicle, and the driver and passenger admitted to purchasing marijuana from a man they knew as "Cowboy" at Augustine's apartment. The driver identified a picture of Augustine as Cowboy. That is sufficient for a finding of probable cause. The omitted material was not necessary to a finding of probable cause. We conclude that the district court did not err in denying the motion to suppress.

Augustine also argues that his counsel was ineffective for failing to explicitly cite *Franks* in his argument to the district court. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record makes plain that the Government and the district court understood Augustine was making a *Franks* argument, and the district court addressed that argument on the merits. Thus, we conclude that counsel's alleged ineffectiveness does not conclusively appear on the face of the record, and we decline to consider this claim.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*